# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

### FIELDS

*v.*

## CENTRAL NATIONAL BANK OF WASHINGTON CITY

PROMISSORY NOTES; INDORSEMENT BY ASSIGNEE; APPELLATE PRACTICE.

1. Where the bill of exceptions by the defendant in a suit by the holder of a promissory note, a national bank, against an indorsee who had indorsed as assignee, showed a proffer by him of evidence tending to show that the note was given in renewal of a former note indorsed by the assignor; that his indorsement as assignee was made under the authority of a power of attorney given him by his assignor and at the request of the bank in order that the indebtedness might be put in proper shape to pass the bank examination; and that he had no funds as assignee with which to pay the note; it was *held* reversing a personal judgment against the defendant, that the record should have set out the assignment, the power of attorney and all the facts under which the indorsement was made, in order that the court might understand what was really within the contemplation of the parties.

2. *Quære*, whether extrinsic evidence in such a case can be introduced to exonerate the party sought to be charged as indorser from personal liability.

No. 619. Submitted November 5, 1896. Decided January 4, 1897.

HEARING on an appeal by the defendant on a bill of exceptions in an action on a promissory note. *Reversed.*

10 Ct. App.—2

FIELDS v. BANK

The facts are sufficiently stated in the opinion.

*Mr. Thomas M. Fields* for the appellant.

*Messrs. Edwards & Barnard* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court :

This action was brought by the appellee, the Central National Bank, against O. A. Dalton, the maker, W. N. Dalton, the payee and first indorser, and Thomas M. Fields as second indorser of a promissory note for $300, dated April 8, 1893, at two months, payable at the Central National Bank of Washington City. The maker of the note, it seems, was a married woman, and the payee and first indorser was her husband; and the maker, by the terms of the note, bound her separate estate for payment. The defendant Fields indorsed the note as " assignee of E. G. Wheeler." In the declaration it is alleged "that the note was indorsed by the payee, W. N. Dalton, to Thomas M. Fields, who indorsed said note to the plaintiff before maturity for full value, and when due the said note was duly presented for payment but was dishonored and protested," &c.

The defendant Fields pleaded that he did not undertake and promise as alleged. The death of W. N. Dalton, the first indorser, was suggested, and afterwards the suit was dismissed as to the maker of the note, O. A. Dalton, leaving Fields as the sole defendant, and against whom judgment was entered for the amount of the note.

The case is here on bill of exception taken by Fields to the exclusion of evidence by the court, and the refusal to direct a verdict for the defendant. The case, as stated in the bill of exception, presents some peculiar features, and presents a question of some importance in the law of negotiable paper.

It appears that there was a note held by the bank for

$470, dated October 8, 1892, made by the *feme covert*, O. A. Dalton, payable to the order of her husband, W. N. Dalton, and by him indorsed, followed by an indorsement of E. G. Wheeler. Soon after the making of this note, Wheeler found it necessary, on the 1st of November, 1892, to make a general assignment of all his property and effects to the defendant Fields, for the benefit of his creditors, with certain preferences. When the note of the 8th of October, 1892, became due, it was allowed to go to protest, and it was held by the bank until April 8, 1893, when Fields paid the interest and cost of protest, and $170 on the principal, and procured the making of another note by O. A. Dalton for $300, the note sued on in this case, with the indorsement by the defendant as "assignee of E. G. Wheeler," as second indorser; and which note was placed in the bank as a substitute for the prior note of October 8, 1892. The defence of the second indorser, Thomas M. Fields, now is, that he is not personally responsible, but that his indorsement was as agent of E. G. Wheeler merely, and not in any other character or capacity; and that the indorsement so made by him was binding upon E. G. Wheeler, the *insolvent assignor*, and upon no other person.

At the trial the plaintiff read in evidence the note sued on for $300, with the indorsements thereon, the handwriting of maker and indorsers thereon being proved; but to the reading of said note and indorsements, the defendant Fields objected, upon the ground that the indorsement by him as assignee of E. G. Wheeler did not render him personally liable, and that the indorsement and legal effect thereof did not conform to the allegations made in the declaration. This objection, however, was overruled, and upon reading such note and indorsements the plaintiff rested its case. The defendant Fields then moved the court to instruct the jury that they should return a verdict against the plaintiff for the reasons urged against the admission in evidence of the note and indorsements, and because there

was no consideration for the indorsement placed upon the note by him that would render him personally liable. This motion was also overruled. The defendant then made proffer of certain proof for the purpose of showing, as he contended, that he was not personally liable on the indorsement. He first produced the note for $470, made by the married woman, Mrs. Dalton, on the 8th of October, 1892, in renewal of which in part the note sued on was given. He then stated the proffer, as set out in the bill of exception, that E. G. Wheeler, the second indorser of the note of October 8, 1892, on the 1st of November, 1892, made to the defendant, Thomas M. Fields, an assignment of his property for the benefit of his creditors, and by a duly executed power of attorney (without stating the date thereof), authorized the defendant "to indorse such notes in the name, place and stead of said assignor as were in renewal of notes which the assignor had previously indorsed, and on which he was liable; and that the defendant had no relation to or interest in said note of October 8, 1892, whatever, and was in no manner a party to or liable therefor." He then states that he offered to prove that the plaintiff requested him to curtail the note of October 8, 1892, and to get for the balance a renewal note, drawn, payable, and indorsed as the note sued on now appears, in order that the indebtedness might be put in *proper shape to pass the bank examination*, the bank being a national bank; that the defendant, in compliance with that request, paid on the note $170, together with all interest and cost of protest then due on the note, and procured the note sued on as a renewal for the balance of the original note, and indorsed the same in the manner as it now appears, in the place and stead of his assignor, E. G. Wheeler; that it was the intent of the plaintiff and defendant that the defendant Fields was not to be personally liable on the indorsement made by him; but that the said E. G. Wheeler should be and continue liable thereon and therefor; that the defendant indorsed the note as

" assignee of E. G. Wheeler," and the plaintiff accepted said indorsement for the purpose of carrying out said intent; that no consideration whatever moved from the plaintiff to the defendant Fields personally for said indorsement; that the assets of his assignor were not sufficient to *pay the preferred creditors*; and that the plaintiff's debts were not preferred." All this was a mere proffer of evidence on the part of the defendant, which was rejected by the court; but it does not appear that the evidence was actually produced. Neither the deed of assignment nor the power of attorney appears to have been actually produced in court, and neither is set out in the bill of exception, to enable this court to determine the nature and extent of the power conferred upon the defendant in respect to indorsements of negotiable paper. Why the indorsement by the defendant should have been made in the manner and form as we find it—whether it was intended to give credit and currency to the note, or to mislead the examiner of the national bank—is a question difficult to solve, and in the absence of the power under which the indorsement is claimed to have been made, it would seem to be improper for this court to undertake definitely to determine such questions. Not only the assignment and power of attorney, but all the facts under which the indorsement was made, ought to be produced, so that the court may understand what was really within the contemplation of the parties. Without deciding the question, whether extrinsic evidence in any such case as this may be introduced to exonerate the party sought to be charged as indorser from personal liability, we shall reverse this judgment and remand the cause for retrial; and it is so ordered.

*Judgment reversed and cause remanded.*